UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS MAGNUM REIGN,

    Petitioner,                                     Case No. 2:17-cv-11692
                                                         Hon. Gershwin A. Drain

v.

LORI GIDLEY,

    Respondent.
_____/

**OPINION AND ORDER (1) DENYING THE PETITION FOR WRIT OF HABEAS CORPUS,(2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (3) GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

Marcus Magnum Reign, ("Petitioner"), filed a petition for writ of habeas corpus. Petitioner pled guilty in the Kent Circuit Court to armed robbery. Petitioner was sentenced to a term of 9 to 30 years. Petitioner challenges his sentence on two grounds: (1) the trial court relied on inaccurate information in scoring the sentencing guidelines, and (2) the sentencing judge relied on facts not admitted by Petitioner or determined beyond a reasonable doubt in determining Petitioner's sentence. The petition will be denied because Petitioner's claims are without merit. The Court will deny a certificate of appealability, but it will grant leave to appeal in forma pauperis.

## I. Background

Petitioner was charged with armed robbery after he demanded money from a person while pretending to possess a gun. Rather than stand trial, Petitioner pled guilt to one count of armed robbery, and in exchange, the prosecutor dismissed a habitual felony offender charge. Dkt. 6-3. Petitioner was initially sentenced to 12 to 30 years. Dkt. 6-4.

Petitioner was appointed appellate counsel who filed a motion for resentencing. The motion alleged that there were inaccuracies in the presentencing information report, causing an incorrect scoring of the sentencing guidelines. See Dkt. 6-5; Dkt. 6-6, at 6.

The trial court granted the motion in part, making the following pertinent findings:

> OV 13 is scored based on a continuing pattern of criminal behavior. Twenty-five points are scored if "the offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person. MCL 777.43(1 )(c). Ten points are scored if [t]he offense was part of a pattern of felonious criminal activity involving a combination of 3 or more crimes against a person or property or a violation of section 740l(2)(a)(i) to (iii) or section 7403(2)(a)(i) to (iii) of the public health code.. . . MCL 777.43(l)(d). For determining the appropriate points under this variable, all crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction. MCL 777.43(2)(a).

This variable was scored at 25 points. This was because of the present offense and statements made by the prosecution regarding two other robberies recently committed by defendant. According to the prosecution, in one of the robberies defendant left an item of clothing behind that contained his DNA, and in the other robbery defendant can be seen on video stealing a purse. In the present motion, defendant claims there was not evidence of the crimes presented to the Court other than the prosecution's statements. Thus, defendant believes this should be scored at 0.

The prosecution acknowledges that there was an error in scoring this variable. The robbery of the purse appears to have been larceny from a building, which is a crime against property. The prosecution has also provided police reports describing this and the other robbery. Thus, there is documentation of a pattern of felonious activity involving a combination of two crimes against a person and one crime against property, which would support a score of 10 points for OV 13.

Based on the foregoing, the current record only supports scoring of OV 13 at 10 points, rather than 25.

***

OV 19 was scored at 10 points because it was determined that defendant interfered with or attempted to interfere with the administration of justice. MCL 777.49(c). This was based on statements in the PSI regarding defendant giving investigators a false name of Marcus Magnumreign, repeatedly stating he does not have a middle name, claiming this was his true name, and denying using the name Marcus Magnum Reign.

Defendant claims he legally changed his name from Marcus Draper to Marcus Magnum Reign when he was in California and he gave his correct name to law enforcement *when he was arrested*. However, the statements in the PSI discuss defendants use of the false name Marcus Magnumreign, without a middle name, during the investigation prior to his arrest. Case law is clear

3

> that "[p]roviding a false name to the police constitutes interference with the administration of justice, and OV 19 may be scored, when applicable, for this conduct. *People v. Barbee*, 470 Mich. 283, 288 (2004). OV 19 is properly scored.

Dkt. 6-7, Opinion and Order Dated May 18, 2015, at 3-4 (emphasis in original).

At the resentencing hearing, Petitioner's counsel indicated that she had an opportunity to review the revised presentencing information report. Dkt. 6-6, at 8. She indicated that she filed written objections to the scoring of the sentencing guidelines. *Id.* Based on the written objections, the trial court noted that it lowered the scoring of Offense Variable 9 from ten points to zero points. *Id.*, at 9. The court also indicated that Offense Variable 13 was lowered from twenty-five points to ten points. *Id.* The Court indicated that the prosecutor had failed to provide any information to justify scoring points for Offense Variable 9. *Id.* Petitioner's challenge to Offense Variable 19, regarding Petitioner's alleged use of a false name, was rejected in the court's order. The court noted that the new scoring of the guidelines called for a minimum sentence between 81 and 135 months. *Id.*

Defense counsel then asserted that she was still challenging the scoring of points for Offense Variable 13, regarding prior criminal conduct, because the prior armed robbery offense was never charged. *Id.*, at 10. Defense counsel

4

noted that the description of the perpetrator in that case did not match Petitioner. *Id.* Petitioner was given an opportunity to personally address the court. *Id.*, at 12-13. The court then sentenced Petitioner to 10 to 30 years. Id., at 14.

New appellate counsel was subsequently appointed to represent Petitioner, and counsel filed another motion for resentencing, asserting that former appellate counsel had misstated the recalculated guideline range. The motion was granted in part, and the trial court resentenced Petitioner to a term of 9 to 30 years. Dkt. 6-7, Delayed Application for Leave to Appeal, Appendix A. The trial court noted in its order with respect to Petitioner's claim that the court should not have considered a California charge against Petitioner: "the Court already amended the section of the PSI referencing the alleged assault in California, and the PSI now includes defendants claim that he did not assault anyone and the case was dismissed. Defendant has not provided any additional documentation or argument that would justify removing this charge that appears on his record." Dkt. 6-7, Opinion and Order Granting in Part Defendant's Motion for Resentencing, at 2-3.

Petitioner's appellate counsel then filed an application for leave to appeal in the Michigan Court of Appeals, raising the following claim:

5

I. The trial court used inaccurate information in scoring offense variables 13 and 19.

Petitioner also filed a pro se supplemental brief, raising the following additional claims:

I. The trial court abused its discretion when it denied his motion to resentence based on *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015) because the judge used judicially found facts.

II. Resentencing before a different judge is warranted.

III. Inaccuracies in Reign's PSIR including with regard to his name should be corrected.

The Michigan Court of Appeals affirmed Petitioner's conviction for "lack of merit in the grounds presented." *People v. Reign*, No. 332031, at *1 (Mich. Ct. App. May 24, 2016).

Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court, raising the following claims:

I. The trial court used inaccurate information in scoring offense variables 13 and 19.

II. The trial court abused its discretion when it denied his motion to resentence based on *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015) because the judge used judicially found facts.

III. Resentencing before a different judge is warranted.

IV. Inaccuracies in Reign's PSIR including with regard to his name should be corrected.

V. Ineffective assistance of appellate counsel for not arguing against OV4 as well as not raising the issue of errors in the PSIR.

The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed by the Court. *People v. Reign*, 887 N.W.2d 422 (Mich. 2016) (Table).

## II. Standard of Review

Title 28 U.S.C. § 2254(d)(1) curtails a federal court's review of constitutional claims raised by a state prisoner in a habeas action. Relief is barred under this section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law.

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).

"[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing

7

legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413.). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)); *see also Woods v. Etherton,* 136 S. Ct. 1149, 1152-53, 194 L. Ed.2d 333, 2016 WL 1278478 (2016) (per curiam) (habeas relief precluded if state court decision is "not beyond the realm of possibility [from what] a fairminded jurist could conclude.")

"Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Richter*, 562 U.S. at 103. "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

### III. Discussion

1. Inaccurate Sentencing Information

Petitioner first asserts that the trial court relied on inaccurate information in scoring the sentencing guidelines. Specifically, he asserts that the trial court relied on uncharged crimes in scoring points for the offense variable concerning a continuing pattern of criminal behavior. He claims that he did not commit those prior uncharged offenses, and the information relied on by the prosecution to assert that he was responsible for the prior offenses was wrong. Similarly, Petitioner asserts that the variable concerning interfering with the administration of justice by using a false name was incorrect. He asserts that he changed his legal name while living in California to "Marcus Magnum Reign," that "Magnum Reign" is his last name, and that he does not have a middle name. He therefore concludes that when he told police he did not have a middle name, it was a true statement.

First, with respect to the propriety of the scoring of the sentencing guidelines under Michigan law, Petitioner's claim is not cognizable. Claims concerning the improper application of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by

9

the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief).

With respect to the alleged use of false or incorrect information in imposing sentence, to warrant federal habeas relief based on a claim that a defendant was sentenced based on inaccurate information, the defendant must show that he was sentenced "based on extensively and materially false information" that he had no opportunity to correct. *Potter v. Yukins*, 6 F. App'x 295, 296 (6th Cir. 2001) (citing *Roberts v. United States*, 445 U.S. 552, 556 (1980)); *see United States v. Tucker*, 404 U.S. 443, 447-49 (1972); *Townsend v. Burke*, 334 U.S. 736, 741 (1948).

Here, the trial court heard all of Petitioner's challenges when it decided his motion for resentencing and at the two resentencing hearings. The trial court found that sufficient evidence existed regarding the prior crimes after the prosecution provided police reports describing two of the crimes. The trial court also found that Petitioner used the incorrect name "Marcus Magnumreign" during the investigation prior to his arrest. Petitioner continues to dispute these conclusions, but the trial court stated that it had information before it sufficient to support the allegations.

The prosecutor outlined the evidence in the state courts as follows:

> [The prior offense variable] was scored due to the present conviction from defendant's actions on June 23, 2014, along with evidence from two other offenses occurring in May and June. Specifically, just four days after the present offense, a CVS Pharmacy was robbed in much the same way as the Walgreen's Pharmacy– an individual wearing a black hooded sweatshirt and matching defendant's general description (black male in his 30's, light skinned, around 5'8") went up to the cashier and demanded all of the cash from the register. The robber fled from the store heading north. Within hours of the robbery, a citizen found a black hooded sweatshirt a block north of the pharmacy and called police; defendant's DNA was located on that hooded sweatshirt. Contrary to defendant's assertion, the police report concerning this crime notes references [sic] DNA evidence being obtained and submitted from the sweatshirt. A month earlier, defendant was caught on a surveillance tape stealing money from a woman's purse at a local bar.

***

After receiving a description of Reign following the robbery, the PSIR Agent's Description continues:

> A K-9 track led GRPD to a nearby apartment complex where residents identified a possible suspect as "Marcus in Apt. #327." On 03/24/14, GRPD contacted Reign at his residence and he provided a false name of Marcus Magnumreign. He repeatedly stated he does not have a middle name, claimed this was his true name, and denied using the name Marcus Magnum Reign. He was later identified properly as the defendant and found to have multiple warrants in California under his legal name of Marcus Draper.

Dkt. 6-7, Answer in Opposition to Application for Leave to Appeal, at 3-4.

Accordingly, at the resentencing hearing as well as in the proceedings held on Petitioner's motion for resentencing, Petitioner was afforded a full and fair opportunity to raise his challenges to the accuracy of the information in the presentence report regarding his prior charges and the use of an incorrect name. The trial court discussed the challenges and considered the prosecutor's response and the information it had supporting the scoring of the challenged offense variables. The trial court's consideration of " evidence of crimes for which the defendant was not tried, does not amount to a constitutional violation." *McPhail v. Renico*, 412 F. Supp.2d 647, 653 (E.D.Mich. 2006) (citing *Collins v. Buchkoe*, 493 F.2d 343, 345 (6th Cir.1974)).

The findings of the trial court were not based on speculation or conjecture but found support in the police reports proffered by the prosecutor. Petitioner disputed the information, but nevertheless the court found the information reliable enough to consider when imposing sentence. "[S]entencing courts have traditionally heard evidence and found facts [at sentencing] without any prescribed burden at all." *McMillan v. Pennsylvania*, 477 U.S. 79, 91 (1986)(citing *Williams v. New York*, 337 U.S. 241 (1949) and declining to establish a constitutional burden of proof at sentencing).

Because Petitioner was afforded an opportunity to challenge the

information relied upon by the trial court to determine his sentence, his federal constitutional right to be sentenced based on accurate information was not violated. Petitioner was afforded the opportunity to address and correct the alleged inaccuracies, satisfying his due process rights. *See Thomas v. Berghuis*, 2015 U.S. App. LEXIS 16497, *12, 2015 WL 53136362 (6th Cir. Sep. 10, 2015). Petitioner's first claim is therefore without merit.

 2. Right to Jury Trial on Facts Used to Determine Sentence

Petitioner also claims that his Sixth Amendment right to a jury trial was violated because there was no jury finding beyond a reasonable doubt that he committed the disputed prior offenses or used a false name.

The United States Supreme Court ruled that any fact that increases the mandatory minimum sentence for a crime is an element of the criminal offense that must be proven beyond a reasonable doubt. *See Alleyne v. United States*, 133 S. Ct. 2151, 2155, 186 L. Ed. 2d 314 (2013). *Alleyne* is an extension of the Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004), in which the Supreme Court held that any fact that increases or enhances a penalty for a crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt.

13

*Alleyne*, however, is inapplicable to Petitioner's case because *Alleyne* "dealt with judge-found facts that raised the mandatory minimum sentence under a statute, not judge-found facts that trigger an increased guidelines range." *See United States v. Cooper*, 739 F.3d 873, 884 (6th Cir. 2014); *see also United States v. James*, 575 F. App'x 588, 595 (6th Cir. 2014) (unpublished) (collecting cases and noting that at least four post-*Alleyne* unanimous panels of the Sixth Circuit have "taken for granted that the rule of *Alleyne* applies only to mandatory minimum sentences."); *Saccoccia v. Farley*, 573 F. App'x 483, 485 (6th Cir. 2014) (unpublished) ("But *Alleyne* held only that 'facts that increase a mandatory statutory minimum [are] part of the substantive offense.' . . . It said nothing about guidelines sentencing factors . . . ."). Petitioner's claim concerns judicial findings that set the guideline range for his minimum sentence. The Sixth Circuit has ruled that *Alleyne* did not decide the question whether judicial fact-finding under Michigan's indeterminate sentencing scheme violates the Sixth Amendment. See *Kittka v. Franks*, 539 F. App'x 668, 673 (6th Cir. 2013) (unpublished).

Petitioner points to the fact that the Michigan Supreme Court relied on the *Alleyne* decision in holding that Michigan's Sentencing Guidelines scheme violates the Sixth Amendment right to a jury trial. *See People v. Lockridge*, 498

Mich. 358 (July 29, 2015). Petitioner cannot rely on a state court decision, however, to obtain federal habeas corpus relief. The section 2254(d) standard of review prohibits the use of lower court decisions in determining whether a habeas petitioner's federal constitutional rights were violated. *See Miller v. Straub*, 299 F. 3d 570, 578-579 (6th Cir. 2002). "The Michigan Supreme Court's decision in *Lockridge* does not render the result 'clearly established' for purposes of habeas review." *Haller v. Campbell*, No. 1:16-CV-206, 2016 U.S. Dist. LEXIS 35151, 2016 WL 1068744, at *5 (W.D. Mich. Mar. 18, 2016). Accordingly, Petitioner's second claim is likewise without merit.

As both of Petitioner's claims are meritless, the petition will be denied.

### IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on the merits of the claims presented, a certificate may issue if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the Court

concludes that reasonable jurists would not debate the Court's conclusion that the petition should be denied because the claims it raises are devoid of merit. Therefore, the Court denies a certificate of appealability.

Leave to appeal in forma pauperis will be granted because an appeal of this order could be taken in good faith. 28 U.S.C. § 1915(a)(3).

## V. Conclusion

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability shall not issue in this matter.

**IT IS FURTHER ORDERED** that permission to proceed on appeal in forma pauperis is **GRANTED**.


Dated: October 31, 2017   /s/Gershwin A. Drain
                          GERSHWIN A. DRAIN
                          United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 31, 2017, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk